UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SKYALISE VALLADARES,

                Plaintiff,

  -against-

ATLANTIC 107 CHICKEN LLC d/b/a POPEYES
LOUISIANA KITCHEN, and SAMROZE
CHEEMA, *individually,*

                Defendants.
------------------------------------------------------------X

Case No.

COMPLAINT

PLAINTIFF DEMANDS A
TRIAL BY JURY

      Plaintiff, by and through her attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

### Nature of the Case

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the New York State Human Rights Law, New York Executive Law § 296, *et. seq.* ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL"). Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against based on her sex/gender (female), retaliated against, and unlawfully terminated after alerting her employer of her pregnancy.

2. Plaintiff also complains pursuant to the Wage Theft Prevention Act, New York Labor Law § 195, *et seq.* and seeks to redress the damages she has suffered as a result of Defendants' failure to give her written notice of wage rates, including, *inter alia*, her rate of pay.

### Jurisdiction and Venue

3. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

1

4. This Court has supplemental jurisdiction over Plaintiff's claims brought under state and municipal law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred within the Eastern District of the State of New York.

**Procedural Prerequisites**

6. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC, dated September 28, 2022, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto as Exhibit A.

8. This Action is being commenced within ninety (90) days of receipt of said Notice.

9. Contemporaneously with the filing of this Complaint, Plaintiff mailed a copy of the Complaint to the New York City Commission on Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code. A copy of the transmittal letter to the NYCCHR and the Corporation Counsel is annexed hereto as Exhibit B.

**Parties**

10. At all relevant times, Plaintiff was and is a resident of the County of Queens in the State of New York.

11. At all times material, Defendant ATLANTIC 107 CHICKEN LLC d/b/a POPEYES LOUISIANA KITCHEN ("POPEYES") was and is a domestic business corporation

2

organized in and operating under the laws of the State of New York, with its principal place of business located at 107-20 Atlantic Avenue, Jamaica, New York 11416 ("the Restaurant").

12. At all times material, Defendant POPEYES was engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e.

13. At all times material, Defendant POPEYES had 15 or more employees.

14. At all times material, Defendant POPEYES was Plaintiff's employer under Title VII.

15. At all times material, Defendant POPEYES was Plaintiff's employer under the NYSHRL.

16. At all times material, Defendant POPEYES was Plaintiff's employer under the NYCHRL.

17. At all times material, Defendant POPEYES was Plaintiff's employer under the NYLL.

18. At all times material, Defendant SAMROZE CHEEMA (CHEEMA) is and was employed by Defendant POPEYES as a Manager.

19. At all times material, Defendant CHEEMA was Plaintiff's manager and had managerial and supervisory authority over Plaintiff.

20. Defendant CHEEMA had the power to hire, fire and/or directly affect the terms and conditions of Plaintiff's employment.

21. Defendant CHEEMA had the power to direct Plaintiff's daily work activities.

22. At all times material, Plaintiff was an employee of Defendant POPEYES and Defendant CHEEMA.

23. Defendant POPEYES and Defendant CHEEMA are at times collectively referred to as "Defendants."

24. At all times material, all parties mentioned herein worked and/or continue to be employed at the Restaurant.

## Material Facts

25. In or around November 2021, Plaintiff started to work with Defendant POPEYES as a crew member.

26. Plaintiff's role included packing food for customers, restocking sauces, cleaning, and working as cashier.

27. Plaintiff was earning approximately $600 weekly, excluding benefits; and sometimes more because of overtime, as the Restaurant was very busy.

28. Plaintiff was working at least 40 hours per week and earning $15 dollars per hour and was additionally called in relatively frequently to work on Saturdays.

29. Plaintiff expected to earn approximately $32,200 annually.

30. In December 2021, while talking to Defendant CHEEMA, Plaintiff disclosed her pregnancy.

31. Defendant CHEEMA upon learning about her pregnancy, suddenly changed his expression and scoffed, remarking in sum and substance that "in [his] country, if a girl got pregnant at [Plaintiff's] age, it is a matter of great shame for the family."

32. Plaintiff extremely offended and became emotional due to Defendant CHEEMA's remark and responded in sum and substance that she lives in America and not in Defendant CHEEMA's country, and walked away.

33. On or about February 20, 2022, Plaintiff provided Defendant CHEEMA a doctor's note regarding her pregnancy.

34. The doctor's note stated that Plaintiff was 21 weeks pregnant with an expected due date of June 20, 2022. It further stated that Plaintiff should be provided "frequent breaks, no prolong standing more than an hour, no heavy lifting" and that she, "should avoid physical exertion."

35. Defendant CHEEMA read the note and while handing it back to Plaintiff stated, **"this week will be your last week at work."**

36. Plaintiff was shocked and asked for clarification, to which Defendant CHEEMA responded that he was letting her go.

37. Plaintiff almost cried and pleaded to Defendant CHEEMA not to terminate her employment as she was in dire need of her job, especially due to her pregnancy.

38. Defendant CHEEMA then, with a cold expression, stated that he could only give Plaintiff one day per week of work.

39. Plaintiff agreed to work whatever days Defendant CHEEMA would offer. She continued to ask for more days to work.

40. Defendant CHEEMA was dismissive and angrily exclaimed "I'll think about it!" as he turned from Plaintiff and walked away.

41. It was obvious to Plaintiff that Defendant CHEEMA did not feel pregnant women should be working. He made his feeling clear when he immediately told her she would not be working upon receiving the note from Plaintiff's doctor. He only begrudgingly permitted her to work a reduced schedule after she pleaded with him.

42. Plaintiff went numb and in a state of shock when she realized the drastic reduction in income she would suffer.

43. Later upon gathering herself, Plaintiff spoke about the conversation with Renee, a co-worker.

44. Upon learning about the incident, Renee seemed stunned and exclaimed that there was no reason for scheduling Plaintiff fewer days to work, and that it was illegal, advising her to seek out help.

45. That week, Plaintiff's workdays were promptly decreased from five or six days to two days.

46. The week after, Plaintiff was not put on schedule to work **at all** by Defendant CHEEMA.

47. Thereafter, the succeeding week, Plaintiff was scheduled to work **just got one day** by Defendant CHEEMA.

48. After that week, Defendant CHEEMA completely took Plaintiff off the schedule, thereby in effect terminating her position.

49. Defendant CHEEMA's outright remarks pertaining to terminating Plaintiff's employment after she showed him the doctor's note, followed by decreasing and eventually eliminating Plaintiff's workdays, shows clear discrimination against Plaintiff based on her gender, pregnancy, and resultant condition.

50. By providing a doctor's note to Defendants, Plaintiff engaged in protected activity. She should not have been retaliated against for advising her employer of any restrictions due to her pregnancy.

51. Defendant CHEEMA's decision to decrease Plaintiff's schedule and then terminate her constitutes retaliation. As soon as Plaintiff presented the doctor's note, Defendant CHEEMA took an immediate adverse action against Plaintiff.

52. At no time did Defendant CHEEMA engage in any interactive process with Plaintiff with regards to the doctor's note she provided.

53. Plaintiff was a qualified employee who was able to fulfill the essential functions of her job with or without a reasonable accommodation.

54. Plaintiff feels offended, disturbed, and humiliated by the blatantly unlawful, discriminatory, and retaliatory termination.

55. Plaintiff has been unlawfully discriminated against, humiliated, degraded, and as a result, suffers loss of rights, emotional distress, loss of income, and earnings.

56. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

57. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

58. Plaintiff has further experienced severe emotional distress.

59. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

60. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

61. As such, Plaintiff demands punitive damages as against Defendants, jointly and severally.

### First Cause of Action for Discrimination
### Under Title VII
### (As Against Defendant POPEYES)

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e–2(a), titled "employer practices," provides that:

> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

7

64. Defendant POPEYES violated the sections cited herein as set forth thereby engaging in discriminatory behavior.

65. Plaintiff is entitled to the maximum amount allowed under this statute.

### Second Cause of Action for Retaliation
### Under Title VII
### (As Against Defendant POPEYES)

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e–2(a), titled "employer practices," provides that:

> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

68. Defendant POPEYES violated the sections cited herein as set forth thereby engaging in retaliatory behavior.

69. Plaintiff is entitled to the maximum amount allowed under this statute.

### Third Cause of Action for Discrimination
### Under the New York State Executive Law
### (Against All Defendants)

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

72. Defendants violated the section cited herein as set forth.

73. Plaintiff is entitled to the maximum amount allowed under this statute.

### Fourth Cause of Action for Aiding and Abetting
### Under the New York State Executive Law
### (As Against Defendant CHEEMA)

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. New York State Executive Law § 296(6) provides in pertinent part, that it shall be an unlawful discriminatory practice "…for any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

76. Defendant CHEEMA violated the statute cited herein as set forth.

77. Plaintiff is entitled to the maximum amount allowed under this statute.

### Fifth Cause of Action for Retaliation
### Under the New York State Executive Law
### (Against All Defendants)

78. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

79. New York State Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article because he or she has filed a complaint, testified or assisted in any proceeding under this article.

80. Defendants violated the sections cited herein as set forth.

81. Plaintiff is entitled to the maximum amount allowed under this statute.

## Sixth Cause of Action for Discrimination
## Under the New York City Administrative Code
## (Against All Defendants)

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership, status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

84. Defendants violated the section cited herein as set forth.

85. Plaintiff is entitled to the maximum amount allowed under this statute.

## Seventh Cause of Action for Aiding and Abetting
## Under the New York City Administrative Code
## (As Against Defendant CHEEMA)

86. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

87. New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice "…for any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

88. Defendant CHEEMA violated the section cited herein as set forth.

### Eighth Cause of Action for Retaliation
### Under the New York City Administrative Code
### (Against All Defendants)

89. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

90. New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer…to discriminate against any person because such person has opposed any practices forbidden under this chapter…"

91. Defendants violated the section cited herein as set forth.

92. Plaintiff is entitled to the maximum amount allowed under this statute.

### Ninth Cause of Action for Violations Under the Wage Theft Prevention Act
### (Against All Defendants)

93. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

94. Defendants POPEYES and CHEEMA failed to provide Plaintiff written notice regarding: her regular rate of pay, how she was to be paid logistically, her "regular payday," the official name of the employer and any other names used for business, the address and telephone number of the employer's main office or principal location in violation of NYLL § 195.

95. Plaintiff has been damaged as a result of Defendants' failure to provide her with such written notice.

96. As Defendants' failure to provide the aforementioned notices occurred for the entirety of Plaintiff's employment, she is entitled to the maximum amount available under the law.

**Tenth Cause of Action for Vicarious Liability
Under the New York City Administrative Code
(As Against Defendant POPEYES)**

97. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

98. New York City Administrative Code § 8-107(13) provides for employer liability for discriminatory conduct by an employee, agent, or independent contractor. This sub-section states:

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
>
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.
>
> c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

99. Defendant POPEYES violated the section cited herein as set forth.

## Jury Demand

100. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by <u>Title VII of the Civil Rights Act of 1964</u>, as amended, 42 U.S.C. § 2000e, *et seq.*; the <u>New York State Human Rights Law</u>, New York State Executive Law § 296, *et. seq.*; and the <u>New York City Administrative Code</u>, § 8-107, *et. seq.*, in that Defendants discriminated and retaliated against Plaintiff, and terminated Plaintiff based on her sex/gender and pregnancy.

B. Declaring that Defendants failed to abide by the proscribed laws of the NYLL for failing to provide Plaintiff with wage notices;

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and conduct and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       October 7, 2022

**PHILLIPS & ASSOCIATES,**
ATTORNEYS AT LAW, PLLC

By: _/s/ Steven Fingerhut_
Steven Fingerhut
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
sfingerhut@tpglaws.com